COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Chief Judge Decker, Judges Beales and Fulton
Argued by teleconference


CAREER DEVELOPMENT CENTER, INC.
                                                          MEMORANDUM OPINION* BY
v.        Record No. 0420-21-2                            JUDGE RANDOLPH A. BEALES
                                                          DECEMBER 14, 2021

VIRGINIA EMPLOYMENT COMMISSION


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
William R. Marchant, Judge

James H. Shoemaker, Jr. (Patten, Wornom, Hatten & Diamonstein,
L.C., on briefs), for appellant.

Joshua E. Laws, Assistant Attorney General (Mark R. Herring,
Attorney General; Donald D. Anderson, Deputy Attorney General;
Heather Hays Lockerman, Senior Assistant Attorney General and
Chief, on brief), for appellee.


Upon review of a ruling of the Virginia Employment Commission pursuant to Code

§ 60.2-500, the Circuit Court of the City of Richmond affirmed the agency's determination that

claimant Christopher Walker was an employee of Career Development Center, Inc. ("CDC") and

not an independent contractor.  CDC now appeals the circuit court's judgment to this Court.

I. BACKGROUND

CDC is a Virginia corporation operated by a local chapter of the United Steelworkers of

America labor union that represents workers at a Goodyear manufacturing complex in Danville,

Virginia.  CDC exists to provide career development services to Goodyear's hourly workers as a

benefit of their union affiliation.  Among the services it provides, CDC offers classes in various

subjects geared toward the educational and vocational development of the union members.  CDC

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

has historically offered classes in a wide range of subjects, including, for example, Microsoft Excel, self-defense, American Sign Language, ballroom dancing, and welding.

Christopher Walker is a welding instructor. Walker initially taught welding classes at CDC pursuant to an assignment of a contract between CDC and GreenWood, Inc. In April 2017, CDC hired Walker directly. They entered into a written contract, titled "Career Development Center Instruction Agreement," which provided that Walker would teach welding and advanced welding courses at CDC's office from April to July 2017.

The written agreement set forth the rights and responsibilities of each party. It required Walker to design his courses, to create a syllabus prior to the first class session, and to collect evaluations and submit them to CDC at the end of the course. It required CDC to schedule the classes, to determine the course participants/students, to supply the textbook(s)/instructional material(s) to be used, to facilitate necessary communications with students, to provide evaluation forms to students, and to provide Walker with a summary of evaluation results. The agreement also provided that "[n]either party may assign any of its rights or obligations under this Agreement without the prior written consent of the other party." Regarding termination, the agreement provided, "This agreement may be canceled by either party upon thirty (30) days written notice for any reason or for no reason." It also provided that CDC "may cancel this agreement upon seven (7) days written notice to the Education Provider due to low enrollment, or Education Provider's misconduct or poor performance." Finally, the agreement allowed Walker to choose whether he would receive a lump sum for his work or earn an hourly wage. Walker elected to be paid at the hourly rate. In addition to the hourly wage, CDC paid Walker $160 for designing the course and reimbursed him $40 per day for his travelling expenses. The parties performed the contract, and Walker's welding courses concluded at the end of July 2017.

The matter now before us began when Walker filed a claim for unemployment benefits with the Virginia Employment Commission ("VEC") in November 2017. In his claim for unemployment benefits, Walker listed CDC as his most recent employer and stated that he had worked as a welding instructor for CDC until July 2017. Upon investigation, VEC determined that CDC had not reported Walker's wages to VEC. A request to reconsider Walker's eligibility for unemployment compensation was referred to a Field Tax Representative who subsequently found that Walker was an employee of CDC and that CDC had erroneously classified Walker as an independent contractor. Consequently, the Field Tax Representative determined that CDC was liable for past-due payroll taxes that CDC should have been paying for its employees who had been misreported as independent contractors. CDC requested a hearing pursuant to Code § 60.2-500 to contest its liability before VEC.[1]

VEC held the requested hearing and subsequently issued an order setting forth its decision on October 21, 2019. The order detailed VEC's findings of fact on each of the twenty factors comprising the twenty-factor test from IRS Revenue Ruling 87-41. See Code § 60.2-212(C).[2]

Based on its application of the twenty-factor test, VEC found that Walker was an employee of CDC rather than an independent contractor. Specifically, VEC found that fourteen of the twenty factors weighed in favor of an employee status, while four of the factors weighed in favor

---

[1] Code § 60.2-500 provides that VEC "may, upon its own motion or upon application of an employing unit . . . make findings of fact, and on that basis, determine whether: . . . [s]ervices performed for or in connection with the business of an employing unit constitute employment for such employing unit[.]" Code § 60.2-500(A)(2).

[2] The applicable version of Code § 60.2-212 was enacted in 2005. Code § 60.2-212 was amended effective July 1, 2020, and again effective July 1, 2021. See 2020 Va. Acts ch. 1261; 2021 Va. Acts ch. 448. Unless specifically stated otherwise, all subsequent references to Code § 60.2-212(C) are to the version that was in effect at the time of the October 21, 2019 VEC decision that is the subject of this appeal.

of an independent contractor status, and two of the factors were inconclusive.  For example, VEC found that Factor 3 (whether the worker's services are integrated into the employer's business model) favored employment because CDC relied on Walker's expertise and the expertise of other instructors to accomplish its mission of offering career development courses to union members.  VEC found that Factor 4 (whether the worker renders services personally) also favored employment because Walker taught the classes personally and, per the agreement, Walker needed CDC's written consent before he could assign the contract to someone else.  In addition, Factor 7 (whether the worker has set hours of work) favored employment because Walker had no authority to alter the hours of his work as CDC had full control over the time and day of the classes.  Furthermore, VEC determined that Factor 13 (whether the employer pays for business and/or travel expenses) favored employment because CDC paid Walker $160 to design the course as well as $40 "to defray his travel expenses for each day he taught."  Finally, VEC found that CDC could cancel the agreement "for instructor misconduct, substandard performance or low enrollment" and that Walker could cancel the agreement without incurring any liability, meaning that Factor 19 (whether the employer has a right to discharge the worker) and Factor 20 (whether the worker has a right to terminate the employment) both "strongly favor[ed] employment."

On the other hand, VEC found that Factors 1 and 2 (instruction and training, respectively) weighed "heavily in favor of independent contractor status" because Walker was responsible for training himself to be prepared to teach his students as CDC did not instruct or train Walker. VEC found that CDC "engaged the claimant's services with the understanding that he was a competent welding instructor as evidenced by his recent service as an employee of GreenWood Inc.," and that "[t]here is no evidence that he or others were provided with any instruction or training with respect to teaching participants in their respective classes."  In addition, VEC

determined that Factor 8 (whether the employment is full-time) and Factor 11 (whether the worker submits oral or written reports) favored independent contractor status because Walker did not work full-time and did not have to submit any oral or written reports to CDC. VEC also found that Factor 9 (doing work on company premises) and Factor 12 (payment by hour, week, or month) were inconclusive.

Given its findings on each of the twenty factors, VEC ruled that CDC had failed to carry its burden of proving that Walker was not an employee under Code § 60.2-212(C). VEC thus affirmed the Field Tax Representative's determination of CDC's tax liability and ruled that CDC "must report remuneration paid to Mr. Walker and any other misclassified workers as wages during the years of 2016, 2017 and 2018, and remit any FUTA/SUTA payroll tax, penalties and interest to the Commission that may be due and owing."

CDC petitioned for judicial review in the Circuit Court of the City of Richmond pursuant to Code § 60.2-500(C). The circuit court held a hearing and, after hearing the arguments of counsel, the circuit court judge ruled from the bench:

> [T]here are facts to support these findings, and I cannot say that it is something that necessarily I would come to a different conclusion in going through them. . . . So, again, if I was the initial trier of fact, I might – I might find differently in some of these factors. But I can't say . . . reviewing the record and the evidence that was presented that those findings of facts are in any way not supported by evidence or that they necessarily require a different conclusion.

The circuit court subsequently entered an order ruling, "the Court finds there is no fraud pled or found, that there is sufficient evidence in the Record to support the Commission's findings, [and] that there is no error of law in the Commission's Decision[.]" Consequently, the circuit court affirmed VEC's decision. This appeal followed.

- 5 -

II. ANALYSIS

CDC contends on appeal that the circuit court "erred in finding that there is sufficient evidence in the Record to support the Virginia Employment Commission's findings that Christopher Walker was an employee and not an independent contractor" and also "erred in finding that there was no error of law in the Virginia Employment Commission's decision finding that Christopher Walker was an employee and not an independent contractor."

A. Standard of Review

On appeal of VEC's determination of employment under the Virginia Unemployment Compensation Act (the "Act"), Code § 60.2-500(C) significantly narrows the scope of judicial review: "In any judicial proceedings under this article, the Commission's findings of facts, if supported by the evidence and in the absence of fraud, *shall be conclusive, and the jurisdiction of the court shall be confined to questions of law*." (Emphasis added). Thus, "[u]nless the Commission's factual findings are erroneous, our jurisdiction is confined to questions of law." Va. Emp. Comm'n v. Porter-Blaine Corp., 27 Va. App. 153, 162-63 (1998). The Supreme Court has stated, "What constitutes an employee is a question of law; but, whether the facts bring a person within the law's designation, is usually a question of fact." Intermodal Servs., Inc. v. Smith, 234 Va. 596, 600 (1988) (quoting Baker v. Nussman, 152 Va. 293, 298 (1929)). Moreover, "[t]he worker's status 'must be determined from the facts of the particular case . . . .'" Id. (quoting Brown v. Fox, 189 Va. 509, 516 (1949)).

B. Applicable Law

Code § 60.2-212(A)(2) defines "Employment" as "[a]ny service, of whatever nature, performed by an individual for any employing unit, for remuneration or under any contract of hire, written or oral[.]" Furthermore,

> [s]ervices performed by an individual for remuneration *shall be deemed to be employment subject to this title* unless the

Commission determines that such individual is not an employee for purposes of the Federal Insurance Contributions Act and the Federal Unemployment Tax Act, based upon an application of the 20 factors set forth in Internal Revenue Service Revenue Ruling 87-41, issued pursuant to 26 C.F.R. 31.3306(i)-1 and 26 C.F.R. 31.3121(d)-1.

Code § 60.2-212(C) (emphasis added). "The VEC has the initial burden of proving that the services are performed by individuals for remuneration; however, once the VEC has met its burden, the burden shifts to the putative employer to prove, by a preponderance of the evidence, that it qualifies for an exemption under Code § 60.2-212(C)." Yard Bird, Inc. v. Va. Emp. Comm'n, 28 Va. App. 215, 222-23 (1998); see also Porter-Blaine Corp., 27 Va. App. at 162.

In addition, our application of this statutory framework is guided by the Supreme Court's direction that

> [t]he Act is to be liberally construed to effect its beneficent purpose and in borderline cases "employment" should be found to exist. Exemptions in the Act should be strictly construed against the alleged employer, the rule requiring liberal construction in favor of the taxpayer not being applicable. As defined in the Act, the term "employment" should be accorded a broader and more inclusive meaning than in the common-law context of master and servant.

Va. Emp. Comm'n v. A.I.M. Corp., 225 Va. 338, 346 (1983) (citations omitted).

### C.  VEC's Finding of "Employment" Pursuant to the Twenty-Factor Test

It is undisputed in this case that Walker performed services for CDC for remuneration. CDC therefore bore the burden of proving that Walker was "not an employee for purposes of the Federal Insurance Contributions Act and the Federal Unemployment Tax Act, based upon an

application of the 20 factors set forth in Internal Revenue Service Revenue Ruling 87-41."[3]

Code § 60.2-212(C); Yard Bird, 28 Va. App. at 222-23.

VEC found that the overwhelming majority of the factors comprising the twenty-factor test weigh in favor of Christopher Walker's having an employee status. VEC found that Factors 3 through 7, 10, and 13 through 20 favor finding Walker to be an employee while Factors 1, 2, 8, and 11 favor finding Walker to be an independent contractor. VEC also found Factors 9 and 12 to be inconclusive.

In assessing those twenty factors, VEC found that Factor 3 "weigh[ed] heavily in favor of employment" because Walker's services and the services of other instructors were critical to CDC's ability "to meet its goal of offering courses designed to enhance the basic skills and personal development of its members" – and because "[t]he short duration and wide variety of the classes strengthens the importance of having instructors." VEC further found that the agreement between Walker and CDC barred any assignment of the contract without the prior written consent of the other party, which similarly weighed in favor of employee status, given that Walker and other instructors were required to render their services personally.

In addition, VEC found no evidence in the record to suggest that Walker had the authority to alter his hours of work or to choose the times of his classes – and, in fact, the agreement specifically tasked CDC with scheduling classes – which meant that Factor 7 pointed toward employee status rather than independent contractor status. Factor 13 also favored employee status rather than independent contractor status because CDC paid Walker's business and travel expenses by paying him $160 to design the course plus $40 "to defray his travel

---

[3] The applicable version of Code § 60.2-212(C) plainly required VEC to apply the twenty-factor test in making a determination regarding employment with respect to Walker. Therefore, our review in this matter is confined to the agency's application of the twenty-factor test from IRS Revenue Ruling 87-41, as that test was incorporated by statute into Virginia law. See Code § 60.2-212(C).

expenses for each day he taught[.]" VEC found that CDC "had the right to terminate the Agreement with 7 days' notice for instructor misconduct, substandard performance or low enrollment," and "[a]side from the loss of continued compensation, the claimant and the other instructors would not incur any liability for cancelling their contracts with [CDC] with 30 days' written notice." This interpretation was supported by the plain language of the agreement between CDC and Walker, which specifically provided that it could "be canceled by either party upon thirty (30) days written notice for any reason or for no reason" and that both parties would "hold harmless each other for any direct or indirect damages or costs incurred" as a result of such termination.

On the other hand, as noted *supra*, VEC concluded that some of the factors weighed in favor of independent contractor status. For instance, CDC did not instruct or train Walker (given that CDC had no knowledge of welding or how to teach welding), and Walker was therefore responsible for training himself to be prepared to teach his students. Consequently, Factors 1 and 2 weighed "heavily in favor of independent contractor status." In addition, Factor 8 and Factor 11 favored independent contractor status because Walker did not work full-time and did not have to submit any oral or written reports to CDC.

Consequently, VEC found that most of the twenty factors weighed in favor of employee status, but some of the factors weighed in favor of independent contractor status, and others of the factors did not clearly point in either direction. We cannot say that VEC's findings of fact on those twenty factors are unsupported by the evidence. Furthermore, this case does not involve any allegation of fraud. Thus, VEC's factual findings are conclusive. Furthermore, we think the circuit court correctly concluded that "there is no fraud pled or found, that there is sufficient evidence in the Record to support the Commission's findings, [and] that there is no error of law in the Commission's Decision[.]" Therefore, we hold that the circuit court did not err in

affirming VEC's judgment that Walker was an employee of CDC and not an independent contractor.  See Code §§ 60.2-212; 60.2-500.

### III. CONCLUSION

In short, the circuit court did not err in upholding VEC's decision that Walker was an employee of CDC and not an independent contractor.  Whether a particular worker is an employee or an independent contractor is a heavily fact-dependent question.  In this case, that question was statutorily required to be answered by an application of the twenty factors set forth in IRS Revenue Ruling 87-41.  VEC made factual findings on each of the twenty factors and found that the overwhelming majority of those factors weighed in favor of employee status while only four of the factors weighed in favor of independent contractor status and only two of the factors were inconclusive.  VEC's factual findings on the twenty-factor test are indeed based on evidence in the record, and there is no allegation of fraud in this case.  Those factual findings are therefore conclusive in this appeal according to the plain language of Code § 60.2-500(C).  Thus, we are limited to deciding whether VEC erred as a matter of law in finding that Walker was an employee and not an independent contractor, and, for the reasons stated *supra*, we do not find that VEC erred.  Consequently, we affirm the judgment of the circuit court upholding VEC's decision.

Affirmed.